# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROSALVA TORRES-GALVAN, <br><br> Defendant. | No. 09-CR-53-LRR <br><br> **ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is the government's "Motion Pursuant to 18 U.S.C. § 3145 for Revocation of Order Granting Release of Defendant" ("Motion") (docket no. 8). Although the time to file a resistance to the Motion has not yet passed, the court finds it appropriate to rule on the Motion at this time.

## *II. RELEVANT PROCEDURAL BACKGROUND*

On June 24, 2009, in the magistrate action preceding the instant action (case number 09-MJ-162-JSS) ("Magistrate Action"), the government filed a Complaint alleging that Defendant Rosalva Torres-Galvan Falsely Represented to be a United States Citizen, in violation of 18 U.S.C. § 911. On July 17, 2009, United States Magistrate Judge Jon S. Scoles released Defendant from the custody of the United States Marshals Service and returned her to the custody of Immigration and Customs Enforcement ("ICE") (Magistrate Action docket no. 14). Defendant is subject to a removal proceeding in the United States Immigration Court, case no. AO89-836-459. In the July 20, 2009 Order Regarding Detention ("First Order") (Magistrate Action docket no. 15), Judge Scoles determined that setting conditions of release would be "premature" because Defendant would be in ICE custody. First Order at 6. The First Order, however, made clear that, if Defendant was released from ICE custody, the court would set conditions for her release. The First Order

stated: "The Court concludes that there are conditions which will reasonably assure Defendant's appearance. Specifically, the Court finds that with electronic monitoring and home detention, Defendant's appearance at further proceedings is reasonably assured." *Id.*

On August 11, 2009, a grand jury returned an eleven-count indictment (docket no. 2-2) against Defendant. Counts 1 and 2 charged Defendant with two counts of Falsely Representing to be a United States Citizen, in violation of 18 U.S.C § 911. Count 3 charged Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Counts 4 and 11 charged Defendant with Misuse of Social Security Account Number, in violation of 42 U.S.C. § 408(a)(7)(B). Counts 5 and 8 charged Defendant with Fraud or Misuse of Documents, in violation of 18 U.S.C. § 1546(a). Counts 6 and 9 charged Defendant with Fraud or Misuse of Documents to Obtain Employment, in violation of 18 U.S.C. § 1546(b)(1). Counts 7 and 10 charged Defendant with False Claim of United States Citizenship to Obtain Employment, in violation of 18 U.S.C. § 1015(e).

On August 13, 2009, the United States Immigration Court granted Defendant's request to be released from ICE custody upon posting a bond of $3,000. Defendant posted the bond, and the United States Immigration Court released her from ICE custody. On August 20, 2009, Defendant appeared before Judge Scoles in the instant action, was arraigned and released from custody (docket no. 6). That same date, the government filed the Motion. On August 21, 2009, Judge Scoles issued a Second Order setting conditions of release ("Second Order") (docket no. 10).

### III. RELEVANT FACTUAL BACKGROUND

According to the First Order, the parties provided little information to the court regarding Defendant's background. Defendant has two children. Her oldest child is around 9 or 10 years old. The affidavit attached to the Criminal Complaint reflects that Defendant told an ICE agent that she had illegally entered the United States and had been

living in the United States for eleven years. She is active in her church, the Immaculate Conception Church, where one of her sons is an altar server. Defendant told an ICE agent in an interview following her detention that she had "worked at a window company in Cedar Rapids until about a year ago." First Order at 3. The minister of her church, Naida Garza, also testified that she believed that Defendant was employed by a window company.

## IV. STANDARD OF REVIEW

A motion for revocation of pretrial release is governed by 18 U.S.C. § 3145(a), which provides: "If a person is ordered released by a magistrate judge[. . .] the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). The court reviews a § 3145 detention or release order under a *de novo* standard of review. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).

In certain cases, the court is required to detain arrestees prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [arrestee] as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "The facts the [court] uses to support a finding [. . .] that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). In contrast, a finding "that no condition or set of conditions [. . .] will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## V. ANALYSIS

In reviewing the Motion, the court will first analyze whether the government filed the Motion in a timely manner. Second, the court will analyze the merits of the Motion.

### A. Government's Compliance with Local Criminal Rule 5

Local Criminal Rule 5 provides that:

3

> [a] party may appeal from a release or detention order issued by a magistrate judge by filing a motion pursuant to 18 U.S.C. § 3145(a) or (b) for revocation or amendment of the order. Subject to excuse for good cause shown, the motion must be filed within 10 court days after the release or detention order has been filed.

LR 5. The government filed the Motion more than ten days after Judge Scoles issued his First Order. The government asks the court to find that good cause exists for not previously challenging the First Order. The court finds that there is good cause for the government's failure to previously challenge the First Order. Had the United States Immigration Court not released Defendant on bond, the government would have had no reason to challenge the First Order. Therefore, the court will consider the merits of the government's Motion.

### *B. Determination of Defendant's Pretrial Release*

In determining whether a defendant poses a safety risk or flight risk, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and

      record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  The government contends that Defendant is both a danger to the community[1] and a flight risk. The court addresses, in turn, both of these arguments.

  The court starts with the first consideration under 18 U.S.C. § 3142(g), the nature and circumstances of the offense charged. Defendant's charged offenses are not crimes of violence or terrorism and they do not involve a minor victim or a controlled substance, firearm, explosive or destructive device. *Id.* § 3142(g)(1). The charged offenses, while serious, do not themselves mandate pretrial detention. Accordingly, the court finds that this factor weighs in favor of finding that Defendant is neither a danger to the community nor a flight risk.

  The second consideration under 18 U.S.C. § 3142(g) is the weight of the evidence against Defendant. The weight of the evidence is strong. For instance, on the charge of

---

[1] Judge Scoles's First Order maintained that the government did not contend Defendant was a danger to the community at the initial July 17, 2009 proceeding. First Order at 5-6. The government now asserts in its memorandum in support of the Motion that Defendant poses a danger to the community by "virtue of her use [of] fraudulent or stolen identities." Government Memorandum (docket no. 9), at 11-12. The government maintains that it has felt from the beginning of the proceedings in this case that Defendant is a danger to the community. *Id.* at 2.

Falsely Representing to be a U.S. Citizen, Defendant admitted that she illegally entered the United States. Additionally, Defendant's photograph and address appear on an identification card. Accordingly, the court finds that the evidence against Defendant weighs in favor of detention.

The third consideration under 18 U.S.C. § 3142(g) is the history and characteristics of Defendant. In support of its argument on this element, the government cites *United States v. Martin De La Rosa-Loera*, 08-MJ-276 (docket no. 9). The instant action is distinguishable. In *Martin De La Rosa-Loera*, the defendant had a number of prior criminal convictions, including one for interference with official acts. In the instant action, those facts are not present. No evidence exists to suggest that Defendant has any criminal history or substance or alcohol abuse problems. 18 U.S.C. § 3142(g)(3)(A). The government additionally argues that, in light of the detention of Defendant's husband and the additional charges added to the indictment since the First Order, Defendant is more likely to flee. When evaluating the totality of the circumstances, however, the court finds that Defendant's character and history weigh in favor of release.

As for the fourth consideration, the court finds that Defendant does not pose a danger to the community. As previously discussed, Defendant has no criminal record or history of substance abuse, and the charged offenses are not violent ones. All of those facts weigh in favor of finding that Defendant is not a danger to the community.

In light of the above analysis, the court finds that "there are conditions of release that will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142. The court agrees with Judge Scoles that electronic monitoring and home detention can reasonably assure Defendant's appearance at future proceedings.

## VI. CONCLUSION

For the foregoing reasons, the Motion (docket no. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 27th day of August, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA